Rosen, Kantrow & Dillon, PLLC
Counsel to Greene Avenue Restoration Corp.
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                              Chapter 11

GREENE AVENUE RESTORATION CORP. a/k/a          Case No.: 17-45394-cec
GREENE AVENUE RESTORATION CORP, II,

                              Debtor.
-------------------------------------------------------------X
GREENE AVENUE RESTORATION CORP., a/k/a
GREENE AVENUE RESTORATION CORP, II,

                              Plaintiff,                                    Adversary Pro. No.

            -against-

GREEN THROOP LLC, AVI ROSENGARTEN,
ESQ., MYOPIC, LLC, and SUSAN GREEN
-------------------------------------------------------------X

## COMPLAINT

GREENE AVENUE RESTORATION CORP., a/k/a GREENE AVENUE RESTORATION CORP, II, debtor and debtor-in-possession as the plaintiff ("Plaintiff") in the above captioned adversary proceeding, by and through its attorneys, Rosen, Kantrow & Dillon, PLLC, respectfully submits this as and for its complaint ("Complaint") against defendants Green Throop LLC, Avi Rosengarten, MYOPIC, LLC, and Susan Green (collectively "Defendants"), respectfully states as follows:

## PARTIES

1.     Plaintiff is the Chapter 11 Debtor and Debtor-in-Possession in the above captioned bankruptcy proceeding.

2. Defendant GREEN THROOP LLC is, upon information and belief, a limited liability corporation organized under the laws of the State of New York with its principal place of business as listed with the New York Secretary of State as c/o Avi Rosengarten, Esq., 1704 Avenue M, Brooklyn, New York 11230.

3. AVI ROSENGARTEN, Esq. is an attorney at law and the alleged "authorized signatory" of GREEN THROOP, LLC, with a business address at 1704 Avenue M, Brooklyn, New York 11230.

4. Susan Green is an individual with a primary residence, as listed on her Chapter 13 Bankruptcy petition, as 2417 Dean Street, Brooklyn, NY 11233-4315

5. MYOPIC, LLC, is, upon information and belief, a limited liability company, organized under the laws of the State of New York, with its principal place of business at 55 West 116th Street, Suite 255, New York, New York 10026.

## JURISDICTIONAL PREDICATE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

7. The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409(a).

8. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 542, 544, 548,; Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")*,* and common law principles of fraud, unjust enrichment and declaratory judgments to quiet title to real property.

9. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding"

as that term is defined in 28 U.S.C. § 157(a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et seq.*

10. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

**BACKGROUND**

11. Plaintiff is the title owner of the real property located 689 Greene Avenue, Brooklyn, N.Y. (the "Property") by virtue of a deed dated October 18, 2017 from Greene Avenue Realty 2014, LLC.

12. That deed was recorded with the New York City Department of Finance, Office of City Register, on ACRIS on October 18, 2017.

13. Greene Avenue Realty 2014, LLC obtained title from defendant Susan Green by deed dated December 3, 2014 and recorded on ACRIS on January 14, 2015. A copy of that deed is annexed as Exhibit "A".

14. That deed reflects consideration paid to, or for the benefit of, Susan Green in the amount of $30,000.00. Also annexed hereto as part of Exhibit "A" are copies of the $20,000.00 check paid to Susan Green and endorsed by her, as well as the $10,000.00 check she directed to be paid to a third party.

15. Annexed as Exhibit "B" is a copy of the Debtor's signature page from her Bankruptcy Petition. The signatures are the same, as reflected on the bankruptcy petition of Susan Green and the deed into Plaintiff's predecessor in interest.

16. By purported deed ("Throop Deed") dated August 13, 2013 and recorded August 20, 2013, the Property was allegedly transferred from Susan Green to GREEN THROOP LLC.

Annexed hereto as Exhibit "C" is a copy of a purported deed and transfer documents of such transfer.

17. The Throop Deed is a forgery.

18. The signature on the Throop Deed is clearly not that of Susan Green. Avi Rosengarten is the alleged attorney for the buyer, GREEN THROOP, LLC and is the agent of that entity for service of process.

19. Avi Rosengarten is also designated as the "Authorized Signatory" for GREEN THROOP, LLC in a document entitled, "Declaration of Restrictions", which is dated August 17, 2014 (the day after the conveyance to the Plaintiff's predecessor in interest) and was recorded on September 4, 2014.[1] A copy of the "Declaration" is annexed hereto as Exhibit "D".

20. Despite being a party to the transaction, Avi Rosengarten improperly notarized Susan Green's alleged signature on the Throop Deed. On the transfer documents Susan Green allegedly signed as **both** the buyer and the seller.

21. Susan Green did not disclose any ownership interest in GREEN THROOP, LLC on her petition and schedules.

22. The purported Throop Deed between Susan Green and GREEN THROOP, LLC is defective for an improper acknowledgement.

23. The purported Throop Deed between Susan Green and GREEN THROOP, LLC is a forgery.

24. If the purported Throop Deed between Susan Green and GREEN THROOP, LLC is not a forgery, then the Property was still beneficially owned by Susan Green and was validly

---

[1] That document is also defective in that Avi Rosengarten's signature is notarized by Solomon Rosengarten, who, upon information and belief, is related to the affiant.

transferred to the Plaintiff's predecessor in interest, either by Susan Green in her individual capacity, or in her capacity as the sole member of GREEN THROOP, LLC.

25. If the purported Throop Deed between Susan Green and GREEN THROOP, LLC is not a forgery, then the transfer of the Property was a fraudulent conveyance.

26. If the purported Throop Deed between Susan Green and GREEN THROOP, LLC is not a forgery, then Susan Green owns GREEN THROOP, LLC and is judicially estopped from claiming any ownership in that entity or the Property for failure to list that entity on her Bankruptcy petitions.

27. Annexed hereto as Exhibit "E" is a purported "Memorandum of Contract" executed by Susan Green and MYOPIC, LLC on October 17, 2017, where Susan Green, in her individual capacity, was apparently attempting to sell the Property, yet again, to another party.

28. This alleged contract was not listed on the schedules in Susan Green's bankruptcy filing.

29. This Memorandum of Contract was filed post-petition according to ACRIS, in violation of the automatic stay in effect in Susan Green's chapter 13 case and in this case.

30. Susan Green had no legal interest in the Real property at the time she entered into this purported contract of sale.

31. Plaintiff is the legal owner of the Property and the deeds of record support that position.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31, as if set forth fully herein.

33. Plaintiff is entitled to a Declaratory Judgment that it is the owner of the Property and voiding the Throop Deed to GREENE THROOP, LLC and declaring that Susan Green and GREEN THROOP, LLC had and have no further rights in the Property.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33, as if set forth fully herein.

35. Plaintiff is entitled to a Declaratory Judgment that it is the owner of the Property, voiding the Memorandum of Sale to MYOPIC, LLC, and declaring that Susan Green had and has no further rights in the Property.

## AS AND FOR A THIRD CAUSE OF ACTION

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35, as if set forth fully herein.

37. Plaintiff is entitled to a Declaratory Judgment that it is the owner of the Property, voiding the Throop Deed, and declaring that Avi Rosengarten, Esq. had and has no further rights in the Property.

[INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter, Judgement on the First, Second and Third Causes of Action, together with such other and further relief this Court deems to be just and proper under the facts and circumstances herein.

Dated: Huntington, New York
       March 1, 2018

                                        Rosen, Kantrow & Dillon, PLLC
                                        *Counsel to Plaintiff*

                              By: /s/ Avrum J. Rosen
                                        Avrum J. Rosen
                                        38 New Street
                                        Huntington, New York 11743
                                        631 423 8527
                                        arosen@rkdlawfirm.com